UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MORGAN, an individual, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROHR, INC., a corporation; HAMILTON SUNDSTRAND, a corporation, d/b/a UTC AEROSPACE SYSTEMS d/b/a COLLINS AEROSPACE; UNITED TECHNOLOGY CORPORATION, a corporation; and DOES 1 through 50, inclusively,<br><br>Defendant. | No. 2:19-cv-00800-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendants Rohr, Inc., Hamilton Sundstrand, and United Technology Corporation's (collectively "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) and 28 U.S.C. § 1406, or in the alternative Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), and Defendants' Motion to Dismiss and Strike pursuant to Rules 12(b)(6) and 12(f). (ECF No. 13.) For the reasons set forth below, the Court GRANTS Defendants' Motion to Transfer pursuant to 28 U.S.C. § 1404(a) and DENIES Defendants' remaining motions, without prejudice, as moot.

///

///

1

## I. FACTUAL & PROCEDURAL HISTORY

On March 24, 2019, Plaintiff Nathaniel Morgan and on behalf of others similarly situated ("Plaintiff") initiated this action in the Superior Court of Solano County. (ECF No. 1-1 at 12.) On May 6, 2019, Defendants filed a Notice of Removal from the Solano County Superior Court pursuant to 28 U.S.C. § 1441(a), 1446, and 1453, on the basis of original jurisdiction under 28 U.S.C. § 1332(d)(2) and supplemental jurisdiction under U.S.C. § 1367. (ECF No. 1.) On June 10, 2019, Defendants filed a Motion to Dismiss on multiple bases, or in the alternative a Motion to Transfer pursuant to 28 U.S.C. § 1404(a), and a Motion to Strike. (ECF No. 13.) On July 11, 2019, Plaintiff filed an Opposition with supporting Request for Judicial Notice. (ECF Nos. 14–15.) On July 18, 2019, Defendants replied to the opposition and opposed Plaintiff's Request for Judicial Notice. (ECF No. 16.)

## II. STANDARD OF LAW

28 U.S.C. § 1404(a), which revises and codifies the doctrine of *forum non conveniens*, permits a district court to transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a).[1] The purpose of § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The moving party bears the burden of showing that transfer is appropriate. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

In determining whether to transfer a case under Section 1404(a), district courts employ a two-step analysis. First, the moving party must show the transferee forum is one in which the action might have been brought. *See Metz v. United States Life Ins. Co.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (citing 28 U.S.C. § 1404(a)). This includes demonstrating that subject

---

[1] *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (citing Revisor's Note, H. R. Rep. No. 308, 80th Cong., 1st Sess., A132 (1947); H. R. Rep. No. 2646, 79th Cong., 2d Sess., A127 (1946)) ("Congress enacted § 1404(a) to permit change of venue between federal courts. Although the statute was drafted in accordance with the doctrine of *forum non conveniens*, … it [revised the common law such that] [d]istrict courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of *forum non conveniens*.").

matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought. *Hoffman v. Blaski,* 363 U.S. 335, 343–44 (1960). Once the party seeking transfer has made such a showing, the Court must consider a number of public and private factors to determine whether, on balance, the transfer is warranted, such as: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the forum; (5) the contacts relating to the plaintiff's causes of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; (10) the administrative difficulties flowing from court congestion; (11) the "local interest in having localized controversies decided at home"; (12) the unfairness of burdening citizens in an unrelated forum with jury duty; and (13) the relevant public policy of the forum state, if any. *See Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 62–63 (2013) (citing *Piper Aircraft Co.*, 454 U.S. at 241 n.6); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Jones*, 211 F.3d at 498–99. No single factor is dispositive; a motion to transfer lies within the discretion of the district court and depends on the facts of each particular case. *Jones*, 211 F.3d at 498–99; *see also Martinez v. Knight Transportation, Inc.*, No. 1:16-cv-01730-DAD-SKO, 2017 WL 2722015, at *2 (E.D. Cal. Jun. 23, 2017).

### III. ANALYSIS

#### A. Motion to Transfer Under 28 U.S.C. § 1404(a)

Defendants request this action be transferred to the Southern District of California pursuant to 28 U.S.C. § 1404(a). (ECF No. 13-1 at 9.) First, Defendants contend this action could have been filed in the Southern District of California. Specifically, Defendants claim that: (1) Defendants would be subject to personal jurisdiction because Defendants conduct business and have facilities in the Southern District of California; (2) the Southern District of California has subject matter jurisdiction under the Class Action Fairness Act pursuant to 28 U.S.C. §

3

1332(d)(2); and (3) a substantial part of the events giving rise to the claims in this action occurred in the Southern District of California. (*Id.* at 14–15.) Although Defendants bear the burden of establishing this action could be brought in the Southern District of California, Plaintiff does not argue that venue is improper in the Southern District of California. As such, the Court finds that this action could have been filed in the Southern District of California, and that the first prong of the transfer test is satisfied.

Second, Defendants argue the private and public factors weigh in favor of transferring this action to the Southern District of California based on the following factors: (a) Plaintiff's choice of forum; (b) the parties' contacts with the forum; (c) contacts relating to Plaintiff's cause of action in the chosen forum; (d) availability of compulsory process to compel attendance of unwilling non-party witnesses; and (e) ease of access to sources of proof. (*Id.* at 15–16.) Plaintiff argues against these same factors. (ECF No. 14 at 15–16.) For the reasons discussed herein, the Court finds, on balance, the factors favor transferring this action to the Southern District of California.

### i. *Plaintiff's Choice of Forum*

Great weight is generally accorded to a plaintiff's choice of forum; indeed, plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous, provided that choice is consistent with jurisdictional and venue limitations. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Atl. Marine Constr. Co.*, 571 U.S. at 63. However, the Ninth Circuit has since tempered the deference given to a plaintiff's chosen venue, noting that "[i]f the operative facts have not occurred within the forum and the forum has no interest in the matter, [the plaintiff's] choice is entitled to only minimal consideration." *Lou*, 834 F.2d at 739. This is especially true when the plaintiff elects to pursue a case outside his home forum. *See Piper Aircraft Co.*, 454 U.S. at 255–56 (finding a plaintiff's choice of his home forum is given more weight than his choice of a foreign forum); *Gemini Capital Group v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998).

Furthermore, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight. *Lou*, 834 F.2d at 739. This does not mean the

plaintiff's choice of forum is accorded zero deference, rather, the weight accorded to the plaintiff's choice of forum depends on the parties' contacts with the chosen venue. *Id.* (citing *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)). These contacts are evaluated by factors such as whether: the plaintiff and class members reside in the district; the plaintiff's claims arise within the district; and the plaintiff's claims are based on the state law of the chosen district. *See Martinez*, 2017 WL 2722015, at *4 (collecting cases).

Here, Defendants argue Plaintiff's choice of forum has little weight because this is a putative class action. (ECF No. 13-1 at 15.) Plaintiff does not address this argument, but instead opposes Defendants' motion on the basis that Plaintiff's choice of venue must be accorded the greatest deference, and Defendants fail to meet their burden to overcome this deference. (ECF No. 14 at 15–16.) The Court finds Defendants have the better argument. Because Plaintiff is representing a class, the Court agrees that Plaintiff's choice of forum is given less weight. *Lou*, 834 F.2d at 739. Furthermore, any deference that would be accorded to Plaintiff's choice in forum is further lessened by the fact that Plaintiff has chosen to sue outside his "home forum" of the Southern District of California. *Piper Aircraft Co.*, 454 U.S. at 255–56; *Gemini Capital Group*, 150 F.3d at 1091. Finally, as discussed in greater detail herein, Defendants have submitted ample evidence that Plaintiff's claims did not arise within the Eastern District of California because, at all relevant times, Plaintiff worked in Chula Vista (which is located within the Southern District of California). Nor has Plaintiff identified any class members that reside, work, or have claims that arise within the Eastern District of California. *Lou*, 834 F.2d at 739. Accordingly, the Court finds Plaintiff's choice of forum is entitled to minimal weight.

*ii.    The Parties' Contacts with the Forum*

Defendants argue neither Plaintiff nor any of the Defendants has any contacts within the Eastern District of California. Plaintiff has no contacts within the Eastern District because at all relevant times, Plaintiff worked exclusively in Chula Vista and lived in San Diego County, which lies within the jurisdiction of the Southern District of California. (ECF No. 13-1 at 7.) Similarly, all employment forms Plaintiff executed relating to his employment for Defendant Rohr were executed in Southern California. (ECF No. 13-3 at 2–3.) Defendants also submit

sworn statements of corporate representatives for Rohr, Inc., Hamilton Sundstrand Corporation, and United Technologies Corporation to support their assertion that none of the Defendants conduct business operations within the Eastern District of California. (ECF No. 13-2 at 15–16; ECF No. 13-3 at 2.)

In opposition, Plaintiff argues Collins Aerospace and UTC Aerospace Systems have contacts within the Eastern District because of a facility located in Fairfield, California, and the advertisement of job postings within that facility. Because of the location of this facility, Plaintiff further contends the putative class contains members who worked in the Eastern District of California. (ECF No. 14 at 14–15). In support of this assertion, Plaintiff seeks judicial notice of a website printout for UTC Aerospace Systems, which purportedly shows that UTC Aerospace Systems and Collins Aerospace maintain a location in Solano County, and employ individuals to work at a facility located in Fairfield, California. (ECF No. 15 at 2; ECF Nos. 15-1–15-5.) However, as Defendants correctly note, Plaintiff's website printouts are "not a proper subject of judicial notice" because the contents of the website cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (ECF No. 16 at 8); Fed. R. Evid. 201(b)(2); *see also Lexington Ins. Co. v. Sentry Select Ins. Co.*, No. 1:08-cv-1539-LJO-GSA, 2009 WL 3226713, at *1 fn.1 (E.D. Cal. Oct. 5, 2009) (denying request for judicial notice of material from a non-governmental website on the basis that it was not information generally known within the jurisdiction of the court or whose accuracy can be readily verified). Moreover, Defendants dispute the accuracy of the exhibits. Accordingly, Plaintiff's Request for Judicial Notice (ECF No. 15) is DENIED.

Regardless, even if the Court were to judicially notice Plaintiff's proffered website exhibits, the Court does not assume the truth of the matters asserted therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001); *see also Peterson v. Farrow*, No. 2:15-cv-00801-JAM-EFB, 2016 WL 3653440, at *2 (E.D. Cal. Jul. 7, 2016) (while courts may take judicial notice of publications like websites and newspaper articles, the court merely notices what was in the public realm at the time, not whether the contents of those articles were in fact true). To the contrary, the Court finds Defendants sufficiently establish through sworn statements that the

website Plaintiff references actually belongs to a different company, Universal Propulsion Company, Inc., which uses the trade name "Collins Aerospace," but is not a party to this action. (ECF No. 16 at 8.)

Aside from the website printouts, which this Court deems irrelevant, Plaintiff provides no evidence demonstrating that Defendants have any facilities located within the Eastern District of California, or that any member of Plaintiff's putative class worked, lived, or had any contacts with the Eastern District of California. Indeed, Plaintiff has not yet identified a single potential class member. As such, Plaintiff's allegations that "putative class members, witnesses (such as supervisors), and evidence relating to the claims are necessarily located in the Eastern District in light of Defendants' Fairfield operations" are far too attenuated and speculative to support a finding of contacts in the Eastern District of California.[2] Nor does Plaintiff argue that he, personally, has any contacts with the Eastern District of California. Defendants, on the other hand, provide substantial evidence indicating that most, if not all, of the contacts of both parties occurred within the Southern District of California, and Defendants have no operations in the Eastern District of California. Accordingly, the Court finds this factor favors Defendants' motion to transfer the case to the Southern District of California.

### iii. *Contacts Relating to Plaintiff's Causes of Action in the Chosen Forum*

Defendants argue that because they have no contacts with the Eastern District of California, they similarly have no contacts relating to Plaintiff's causes of action in the Eastern District of California. (ECF Nos. 13-1 at 13, 16 at 8.) Plaintiff again relies upon the "UTC Aerospace Systems" website for his contention that some of the anticipated putative class members will include "non-exempt employees … who worked in the Eastern district during the relevant time period." (ECF No. 14 at 15.) However, for the reasons previously discussed, Plaintiff's contention is unavailing. Therefore, the Court finds this factor also weighs in favor of Defendants' motion to transfer.

---

[2] The Court also notes there are no filings beginning the class certification process.

    *iv.*  *Availability of Compulsory Process to Compel Attendance of Unwilling, and Costs of Obtaining Attendance of Willing, Witnesses*

  "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *McCormack v. Medcor, Inc.*, No. 2:13-cv-02011-JAM-CKD, 2014 WL 1934193, at *3 (E.D. Cal. May 14, 2014) (citations omitted). While the convenience inquiry focuses primarily on non-party witnesses, the convenience to party witnesses also deserves some consideration. *See Davis v. Social Service Coordinators, Inc.*, No. 1:10-cv-02372-LJO-SKO, 2013 WL 4483067, at *3 (E.D. Cal. Aug. 19, 2013).

  Here, the Court finds Defendants sufficiently show both the party and potential non-party witnesses would be significantly inconvenienced by litigation in the Eastern District of California. (ECF No. 13-1 at 13–15.) Specifically, as set forth in the uncontested affidavits accompanying the motion to transfer, no Defendants operate facilities within the Eastern District of California, Plaintiff only worked at Defendant Rohr's facility in Chula Vista, and the employees and managers who would be knowledgeable about Rohr's policies and procedures are based out of Rohr's Chula Vista or Riverside facilities. (ECF No. 13-3.) Because the only identified potential witnesses are based in Chula Vista or Riverside, which is approximately 500 miles from Sacramento, trial attendance in the Eastern District of California would pose a significant inconvenience. Plaintiff has not presented any arguments or evidence that either party has contacts in the Eastern District of California, and he has not identified any non-party witnesses, therefore, he fails to establish this forum is more convenient to anyone. Moreover, Plaintiff also fails to establish that judicial economy is best served by retaining venue in the Eastern District. *See McCoy v. Stronach*, No. 1:12-cv-000983-AWI-SAB, 2019 WL 6894429, at *2 (E.D. Cal. Dec. 17, 2019) (finding litigation costs are generally reduced when venue is located near the most witnesses expected to testify). Therefore, this factor weighs in Defendants' favor.

///

///

### v. Ease of Access to Sources of Proof

As to sources of proof, the Court finds this factor also weighs in favor of transfer. Again, the bulk of the witnesses identified are in the Southern District of California and Plaintiff has provided no compelling evidence that either party has contacts with the Eastern District of California.

On balance, the private and public factors weigh in favor of transferring this action. Defendants sufficiently establish the majority of contacts with respect to potential witnesses, claims, and proof are with the Southern District of California. Moreover, the Court finds additional factors such as judicial economy and convenience to the parties and non-party witnesses also favor transfer. Accordingly, the Court GRANTS Defendants' Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

### B. Motions to Dismiss & Motion to Strike

In light of the Court's ruling on Defendants' Motion to Transfer, the Court does not reach the parties' arguments with respect to Defendants' Motions to Dismiss pursuant to Rules 12(b)(3) or 12(b)(6), or Motion to Strike. Accordingly, Defendants' remaining motions are DENIED, without prejudice, as moot.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer (ECF No. 13) is GRANTED. Plaintiff's Request for Judicial Notice (ECF No. 15) is DENIED. Further, Defendants' remaining motions to dismiss and strike are DENIED, without prejudice, as moot. The Clerk of the Court is directed to transfer this case to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated: March 24, 2020

Troy L. Nunley
United States District Judge